WILLIAM RAMSAY, Respondent, *v.* WILLIAM ROBINSON, Appellant.

*Jurisdiction to allow damages, not obtained by an appearance under arrest.*

William Ramsay made an affidavit before a justice of the peace in which he stated that William Robinson unlawfully removed a sheep and lamb from lands occupied by Ramsay to lands of Robinson and refused to return the same, without any proof that the sheep and lamb were Robinson's property. Upon this affidavit the justice issued a warrant of arrest, and Robinson having been brought before the justice, pleaded not guilty, and stated that he owned the sheep in question.

No papers of any kind were ever served upon Robinson. The justice took testimony and subsequently gave judgment for the plaintiff for five dollars damages and costs.

*Held,* that the appearance of the defendant before the justice was not a voluntary appearance, and that the justice had no jurisdiction to render the judgment.

APPEAL by the defendant, William Robinson, from a judgment of the County Court of Washington county in favor of the plaintiff, entered in the office of the clerk of said county on the 29th day of October, 1894, upon the decision of the court affirming a judgment of a justice of the peace of the town of Hebron, Washington county.

The return of the justice of the peace states that he rendered judgment in favor of the plaintiff for five dollars damages and two

dollars and seventy cents costs.   It further states that before the notice of appeal to the County Court was served the defendant paid to the justice the amount of the judgment.

*Willard Robinson*, for the appellant.

*Abner Robertson*, for the respondent.

STOVER, J. :

On the 1st day of May, 1894, the plaintiff made the following affidavit :

"BELCHER, 1–5–94.

"I, William Ramsay, being duly sworn, deposes and says that William Robinson did unlawfully remove one sheep and her lamb from off lands occupied by said William Ramsay to the said William Robinson's land, and refused to return the same without any proof of said sheep and lamb being the property of said William Robinson.                    WILLIAM RAMSAY.

"Subscribed and sworn to before }
    me this 1st day of May, 1894.   }

"JOHN A. GIBSON,
                    "*Justice of the Peace.*"

On this the justice issued a warrant of arrest, and, as the return certifies, on the second day of May the defendant was brought before the justice under arrest; that the answer of the defendant was a plea of not guilty, and alleged that the defendant was the owner of the sheep mentioned in the complaint.   The only "complaint" was the affidavit above referred to.

Neither a copy of the warrant nor any paper was served upon the defendant at any time.   On the appearance of the defendant under arrest, and his plea, the justice proceeded to take the testimony, and on the fifth day of May entered in his minutes a judgment in favor of the plaintiff.   The return shows that on the tenth day of August the judgment was entered in the docket of the justice.   The appeal was seasonably taken.

I think the justice was entirely without jurisdiction to enter the judgment.   No summons was ever issued or served upon the defendant, and his appearance before the justice under arrest, in the custody of a constable, and a plea of not guilty, cannot be said

to be a voluntary appearance before the justice. An examination of the testimony further shows that there is no sufficient evidence to warrant a judgment in favor of the plaintiff if an action was pending. The justice certifies that, the defendant having failed to prove that the sheep in question was not the property of the plaintiff, he thereupon proceeded to enter judgment against the defendant in the action.

There is no sufficient evidence that plaintiff owned the sheep. The proceeding under review can scarcely be said to have been conducted under the form of law.

Judgment must be reversed, with costs in this court and the County Court.

Putnam and Herrick, JJ., concurred.

Judgment reversed, with costs of appeal in this court and in the County Court.